UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Steven Mitchell Gant,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 18-117 (MJD)

---

Deidre Y. Aanstad, Assistant United States Attorney, Counsel for Plaintiff.

Kevin W. DeVore, DeVore Law Office, P.A., Counsel for Defendant.

---

This matter is before the Court on Defendant's Motion to Modify Sentence pursuant to 18 U.S.C. § 3582(c)(1)(B).

## I.    Background

On January 16, 2019, Defendant pleaded guilty to Count 1 of the Indictment which charged Conspiracy to Distribute 100 Grams or More of a Mixture and Substance Containing a Detectable Amount of Heroin in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B) and 846.

On May 20, 2019, the Court sentenced Defendant to a term of imprisonment of 90 months, which was a substantial variance from the applicable guideline range of 188 to 235 months.

## II.     Motion to Modify Sentence

By this motion, Defendant requests the Court to amend his sentence and give him credit for the 449 days he spent in Sherburne County jail prior to the imposition of his sentence. Defendant asserts that the Court intended to impose his federal sentence concurrent with the sentence imposed in state court on a probation revocation on an underlying state court case. At his sentencing hearing, the Court noted that while in Sherburne County jail, prior to the sentencing in this case, Defendant had been sentenced to serve 33 months on a probation revocation in state court. (Doc. No. 90 (Sent. Tr. at 18).)  The Court referred to his time in Sherburne County as free time.

> THE COURT: It's free time because I haven't sentenced you, so you have been sitting. You get credit for the 33 months. It's not on top of what I'm going to sentence you, right? It's not consecutive?

(Id.)

Based solely on this comment from the Court at the sentencing hearing, Defendant argues that it was the Court's intent to impose the federal sentence concurrent with the state revocation sentence.

In response to this motion, the government requested information from the Bureau of Prisons ("BOP") as to how it calculated credit for the time served in Sherburne County prior to sentencing. Based on the submission from the BOP, and confirmed by the U.S. Probation Office, the time in Sherburne County from February 15, 2018 to April 15, 2019 was credited to the 33-month sentence imposed by the state court. (Doc. No. 93.) As a result, the BOP could not credit that time to the federal sentence. See 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence.") Defendant was given credit for the time in custody from April 16, 2019 to the date of sentencing on the federal case. This calculation also shows that Defendant was released from MNDOC on April 15, 2019.

Defendant asks the Court to amend the judgment to impose the sentence in this case concurrent with the state sentence imposed on June 4, 2018. Although the state sentence had expired prior to the imposition of sentence in this case, the Court will nonetheless amend the judgment to reflect concurrent sentences.

Regardless, because Defendant is also seeking a court order that directs the BOP to credit him for all of the time served in Sherburne County prior to sentencing, he must do so in a petition pursuant to 28 U.S.C. § 2241.  See Setser v. United States, 566 U.S. 231, 244 (2012) (finding that defendant "is free to urge the Bureau to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new drug charges.  If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. See 28 CFR § 542.10 *et seq*. (2011).  And if that does not work, he may seek a writ of habeas corpus.  See 28 U.S.C. § 2241.")

A petition filed pursuant to § 2241 must be filed in the district of confinement, in the United States District Court for the District of Columbia, or any district in which the BOP maintains a regional office.  United States v.

Chappel, 208 F.3d 1069 (8th Cir. 2000).  Pursuant to the BOP Inmate Locator, Defendant is currently serving his sentence at FCI Gilmer, in West Virginia.  In addition, the BOP does not maintain a regional office in the District of Minnesota.[1]  Accordingly, the Court must dismiss Defendant's motion without prejudice, as his claim for pretrial credit for time spent in custody on an unrelated state charge must be brought pursuant to 28 U.S.C. 2241 in the appropriate district.

IT IS HEREBY ORDERED that Defendant's Motion to Modify Sentence [Doc. No. 92] is GRANTED to the extent the judgment be amended to reflect that the sentence imposed is concurrent to the state sentence imposed in CR-16-25904, and DISMISSED WITHOUT PREJUDICE as to the BOP's determination of credit for time served.

Date:  May 15, 2020

    /s Michael J. Davis
Michael J. Davis
United States District Court

---

[1] The BOP maintains six regional offices, located in Philadelphia, Pennsylvania; Annapolis Junction, Maryland; Kansas City, Kansas; Atlanta, Georgia; Grand Prairie, Texas; and Stockton, California. See Federal Bureau of Prisons, Offices, https://www.bop.gov/about/facilities/offices.jsp (last accessed April 29, 2020).