UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                        **MEMORANDUM OPINION AND ORDER**
                                          Crim. No. 18-117 (01) (MJD)

Steven Mitchell Gant,

    Defendant.

_____

    Deidre Y. Aanstad, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant is *pro se*.

_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 96.)

**I.    Background**

On January 16, 2019 Defendant pleaded guilty to Count 1 of the Indictment which charged Conspiracy to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.  On May 14, 2019, Defendant was sentenced to term of imprisonment of 90 months – a significant downward variance from the applicable guideline range of 188 to 235 months - followed by five-years supervised release.  He is currently serving his sentence at Gilmer FCI, and his release date is September 3, 2025.

## II. Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13,[1] which provides when deciding a motion

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act. Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A). See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement. U.S.S.G. § 1B1.13. This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant has provided documentation that he submitted a request for a sentence reduction to the Warden, and that he received a response from the

Warden on December 31, 2020 denying his request. (Doc. No. 97-1.) Accordingly, the Court will proceed to the merits of Defendant's motion.

Defendant is 40 years old. His medical records indicate that in May 2021, a CT scan of his brain was administered for treatment of fibromatosis of the hard palate/maxillary gingiva and a left maxillary mass causing Defendant pain. (Doc. No. 114 at 1.) Defendant has suffered from fibromatosis in his mouth since 2014. BOP medical personnel scheduled an oral surgeon consult, but Defendant declined the oral surgery consult on February 9, 2021. (Id. at 7.) In March 2021, he was seen in the health clinic for chest pains to the hospital because of chest pains, and he was prescribed Prednisone and hydrochlorothiazide. (Id. at 7, 9, 10.)

The medical records further note that Defendant was admitted to the hospital on December 19, 2020 for chest pains. (Id. at 25-26.) The discharge report noted Atypical chest pain, chest wall pain and chronic shoulder pain. No prescriptions were ordered and a cardiac consult was recommended. (Id. at 22.) Defendant also tested positive for COVID-19 in December 2020, and was seen in the health clinic in February 2021 complaining of shortness of breath, headaches and pain due to the tumor

4

in his mouth.  (Id. at 48.)  He also suffers from numerous other medical conditions, including hypertension, high cholesterol and sleep apnea.  (Id. at 7, 9.)

The government acknowledges that hypertension is a medical condition that can make a person more likely to get severely ill when infected with COVID-19, but notes that Defendant has recovered from COVID-19 and any claims of reinfection are speculative.

Based on the record before it, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical conditions that warrants relief.  The medical records submitted demonstrate that Defendant is receiving appropriate medical attention for all his stated medical conditions.  (See Doc. No. 114.)

The Court further recognizes that the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with symptoms of COVID-19 and those who come into contact with them.  See www.bop.gov/coronavirus/index.jsp.  At this time, the facility at which Defendant is housed, Gilmer FCI, reports there are zero current active cases involving an inmate, 0 active cases involving staff, 1 inmate death,

and that 290 inmates and 73 staff have recovered. Id. In addition, the BOP has in place a vaccination program Gilmer FCI reports that 142 staff and 1,092 inmates have been fully inoculated. Id.

The Court further finds that a sentence reduction in this case is not warranted as Defendant poses a danger to the community. Defendant is currently serving a prison sentence for his conviction of conspiracy to distribute heroin, and he committed this offense while under a criminal justice sentence for Third Degree Assault. (Doc. No. 59 (PSR at ¶ 60).) Given his role in this offense conduct, which inevitably caused devastation to the community in which the drugs were sold, Defendant poses a danger to the community. See United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991) (recognizing that large scale drug trafficking is a serious danger to the community).

The Court also finds that a sentence reduction in this case would be contrary to the factors set forth in 18 U.S.C. § 3553(a). Defendant sold heroin to persons in and around the White Earth Nation, and a further reduction in his sentence would not reflect the seriousness of the offense of conviction. The Court further finds that a reduction in his sentence would not afford adequate deterrence to criminal conduct, as Defendant has multiple prior felony

6

convictions and was on supervised release when he committed the instant offense. Further a sentence reduction would not promote respect for the law or provide a just punishment.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion For Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 96] is **DENIED**.

Date: July 28, 2021

s/Michael J. Davis
Michael J. Davis
United States District Court
