UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Steven Mitchell Gant,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 18-117 (MJD/LIB)

---

Deidre Y. Aanstad, Assistant United States Attorney, Counsel for Plaintiff.

Steven Mitchell Gant, pro se.

---

This matter is before the Court on Defendant's [Second] Motion to Modify Sentence or Resentence Pursuant to 18 U.S.C. § 3582(c)(1)(B).  (Doc. 116.)

**I.   Background**

On January 16, 2019, Defendant pleaded guilty to Count 1 of the Indictment, which charged Conspiracy to Distribute 100 Grams or More of a Mixture and Substance Containing a Detectable Amount of Heroin in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B), and 846.

On May 20, 2019, the Court sentenced Defendant to a term of imprisonment of 90 months, which was a substantial downward variance from

the applicable guideline range of 188 to 235 months.  At sentencing, the Court indicated that Defendant would get credit for a 33-month prison sentence Defendant received for revocation of his probation on a third-degree assault charge in Hennepin County District Court and that the revocation sentence was not consecutive to any sentence the Court imposed.  (Doc. 90 (Tr. of Sent. Hr'g) at 18-19.)  However, the judgment in the case did not state whether Defendant's 90-month sentence was to run concurrent or consecutive to the 33-month state sentence.  (Doc. 73.)

On January 20, 2020, Defendant filed a motion to modify his sentence to allow him 449 days of credit for time spent in custody between February 20, 2018 and his sentencing date of May 14, 2019.  (Doc. 91.)  In response, the Court amended its judgment to reflect that Defendant's federal sentence is to run concurrent to his state court sentence.  (Doc. 94 at 5.)  The Court dismissed without prejudice Defendant's motion to direct the BOP to grant him pretrial credit for 449 days spent in custody on the unrelated state charge because that claim must be brought pursuant to 28 U.S.C. § 2241 in the appropriate federal district court.  (Id.)

## II.     [Second] Motion to Modify Sentence

Defendant's motion seeks the same relief he sought in his 2020 motion and that the Court was unable to provide:  that the Court amend his sentence and give him credit for the 449 days he spent in the Sherburne County jail prior to imposition of his sentence.   (Id. at 2.)  At that time, the Court explained the process Defendant must follow to obtain the relief he seeks.  The Court, again, provides that information for Defendant:

> [B]ecause Defendant is also seeking a court order that directs the BOP to credit him for all of the time served in Sherburne County prior to sentencing, he must do so in a petition pursuant to 28 U.S.C. § 2241.  See Setser v. United States, 566 U.S. 231, 244 (2012) (finding that defendant "is free to urge the Bureau to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new drug charges.  If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. See 28 CFR § 542.10 et seq. (2011).  And if that does not work, he may seek a writ of habeas corpus.  See 28 U.S.C. § 2241.").
>
> A petition filed pursuant to § 2241 must be filed in the district of confinement, in the United States District Court for the [District of Arizona], or any district in which the BOP maintains a regional office.  United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000).
>
> [Defendant states that he is currently housed at FCI-Phoenix. (Doc. 116 at 1.)]  In addition, the BOP does not maintain a regional office in the District of Minnesota.[1]

---

[1] The BOP maintains six regional offices, located in Philadelphia, Pennsylvania; Annapolis Junction, Maryland; Kansas City, Kansas; Atlanta, Georgia; Grand

(Id. at 4-5.)

Accordingly, the Court must dismiss Defendant's motion without prejudice, as his claim for pretrial credit for time spent in custody on an unrelated state charge must be brought pursuant to 28 U.S.C. § 2241 in the appropriate federal district court.

IT IS HEREBY ORDERED that Defendant's [Second] Motion to Modify Sentence or Resentence **(Doc. 116)** is **DISMISSED WITHOUT PREJUDICE**.

Date:  June 28, 2022

                                        s/Michael J. Davis
                                        Michael J. Davis
                                        United States District Court

---

Prairie, Texas; and Stockton, California. See Federal Bureau of Prisons, Offices, https://www.bop.gov/about/facilities/offices.jsp (last accessed June 27, 2022).